IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
ERIK ANDERSEN AND ROB LANDLEY,　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiffs,　　)　　Civil Action No. 08 CV 5270 (HB)
　　　　　　　　　　　　　　　　　　　　　　)　　ECF CASE
　　　　　　-against-　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
BELL MICROPRODUCTS, INC. D.B.A.　　)
HAMMER STORAGE,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　)
　　　　　　　　　　　　　　　　　　　　　　)
-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO LIFT ENTRY OF DEFAULT JUDGMENT AND INTERPOSE AN ANSWER**

Defendant Bell Microproducts, Inc. (hereinafter "Bell Microproducts") brings this unopposed motion to request that the Court lift the entry of default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) for good cause shown, mistake, and/or excusable neglect and to allow Bell Microproducts to interpose the Answer to the Complaint annexed hereto as Exhibit A.  Bell Microproducts' failure to timely answer the Complaint was based on a good faith belief that because it was negotiating a settlement in good faith with Plaintiffs, Plaintiffs had sought an extension of time for Bell Microproducts to answer.  Plaintiffs' counsel have informed defense counsel that they do not intend to oppose this motion.

**Factual Background**

On June 9, 2008, Plaintiffs filed a Complaint alleging, *inter alia*, that Bell Microproducts had infringed Plaintiffs' copyright relating to the BusyBox Computer Program.  Even before service of process on Bell Microproducts was executed, the parties engaged in good faith negotiations to settle this matter.  (Hughes Aff. ¶¶ 4-6.)  Indeed, between the time the Complaint was filed and the time the default was entered, the parties had exchanged two marked-up

versions of the settlement agreement, had multiple telephone conferences regarding settlement, and had exchanged numerous emails. (Id. at ¶¶ 5-16.) Bell Microproducts sent its latest mark-up of the settlement agreement to Plaintiffs on August 20, 2008 and had no reason to believe that settlement discussions had in any way ended. (Id. at ¶¶ 12-14.) It was therefore surprised to learn that on September 11, 2008, a default had been sought and entered against it.[1] (Id. at ¶ 18.)

Bell Microproducts understood that Plaintiffs' counsel was only authorized to grant it two week extensions at a time, but, if negotiations were progressing in good faith, Plaintiffs counsel would continue to seek two week extensions of time for Bell Microproducts to answer. (Id. at ¶ 8.) Indeed, Plaintiffs sought two two-week extensions of time and Bell Microproducts believed that Plaintiffs would automatically seek a third extension since negotiations were progressing in good faith. (Id. at ¶¶ 7-17.) Bell Microproducts had specifically requested that Plaintiffs' counsel inform them if extensions were no longer sought or granted. (Id. at ¶ 9.) However, Bell Microproducts never received any such notice from Plaintiffs' counsel, and, therefore, believed an extension of the August 4th answer date had been sought given that settlement negotiations were continuing in good faith. (Id. at ¶ 13-17.)

Bell Microproducts recently learned that a Default Judgment had been entered against it on September 11, 2008. (Id. at ¶ 20.) It immediately retained Jones Day to counsel it in this matter. (Id. at ¶ 21.) Plaintiffs' counsel has informed Jones Day that they do not plan to oppose this motion to lift the entry of default judgment. Settlement discussions have resumed between the parties and it is Bell Microproducts' hope that the parties will be able to settle the case

---

[1] Recent correspondence with Plaintiffs indicates that Plaintiffs filed a motion for a default judgment, however, Bell Microproducts was neither served with the motion, nor is the motion available on ECF. Bell Microproducts, therefore, did not have an opportunity to respond until after the default judgment was entered by the Court.

without Court intervention.  (Id. at 22.)  However, in the event that this cannot be resolved by settlement, Bell Microproducts seeks to interpose the answer annexed hereto as Exhibit A.

## ARGUMENT

Default judgments are "generally disfavored and are reserved for rare occasions." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir 1993); see also Shah v. New York State Dept. of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999) (holding that "in this Circuit the preference is for the District Court to reach judgments on the merits and not by way of default judgments"). "When doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96.

Federal Rule of Civil Procedure 55(c) provides that an entry of a default judgment may be set aside when good cause is shown and that relief from a default judgment may be provided in accordance with Rule 60(b).  Rule 60(b)(1) allows this Court to set aside a default judgment for "mistake, inadvertence, surprise or excusable neglect."  In determining whether a default judgment should be set aside pursuant to Rule 60(b)(1), courts consider (1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted. Enron Oil Corp., 10 F.3d at 96.  The "good cause shown" standard of Rule 55(c) is also evaluated through this three prong balancing test, although it is to be less stringently applied under Rule 55(c). Id.  Because courts favor a judgment on the merits, the "good cause shown" criteria and criteria of the Rule 60(b) should be "construed generously." Id.

For default judgment purposes, the term "willfulness" refers to "conduct that is more than merely negligent or careless," such as bad faith. Gonzalez v. City of New York, 104 F. Supp. 2d 193, 195 (S.D.N.Y. 2000).  Conduct of the litigant must be "egregious and [ ] not satisfactorily

explained." Id. at 196; see also American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996). Where a party had a reasonable belief that an action would settle, the conduct is not considered willful. See ,e.g., Gonzales, 104 F.Supp. 2d at 196 ("[a]lthough the individual defendants should have answered despite the settlement negotiations, their failure to do so does not evidence the type of bad faith which would warrant default judgments against them"); State Street Bank and Trust Co. v. Inversiones Errazuirix Limitada, 246 F. Supp.2d 231, 250 (S.D.N.Y. 2002) ("a good faith belief that an action will settle constitutes a reasonable basis for failing to interpose an answer).

Bell Microproducts has demonstrated that it was negotiating the settlement in good faith and had reason to believe that the action would settle. (Hughes Aff. ¶ 5-17.) Indeed, settlement negotiations are progressing even at the time of this motion. (Hughes Aff. ¶ 22.) Furthermore, Bell Microproducts reasonably believed that Plaintiffs would continue to seek two week extensions of time for it to answer while settlement negotiations were ongoing, and, that if the time came when they no longer would, they would inform Bell Microproducts, which they did not. (Hughes Aff. ¶¶ 7-17.) While Bell Microproducts may have been careless in not confirming whether an extension had been granted by the Court of the August 4 answer date, its good faith belief that settlement negotiations were ongoing and that Plaintiffs would seek an extension of time for it to answer, does not bring its conduct to the level of "willfulness" required for the default judgment not to be lifted. See ,e.g., Gonzales, 104 F.Supp. 2d at 196.

A defense is meritorious if it is "good at law so as to give the fact finder some determination to make." American Alliance Ins. Co., Ltd, 92 F.3d at 61. The defendant is not required to prove that its defense will "carry the day". Malletier v. Barami Enterprises, Inc., 2006 WL 3283422 (S.D.N.Y. Feb. 14, 2006) (citation omitted) (holding that affidavit from

defendant regarding alleged infringement was sufficient to prove that a meritorious defense existed). Here, Bell Microproducts has submitted an affidavit stating that it purchased storage product devices from a third party which contain firmware. (Hughes Aff. ¶¶ 23.) However, the affidavit makes clear that Bell Microproducts has valid reason to believe that the firmware does not use the BusyBox program. (Id. at 24-25.) The affidavit further states that, regardless, Bell Microproducts makes the source code files corresponding to the firmware publicly available for download on its website. (Id. at 26.) Therefore, even if the firmware does contain the BusyBox program, which Bell Microproducts was led to believe it does not, the source code is available, and therefore, Bell Microproducts is not infringing the copyright. (Id. at 23-27.) This affidavit is sufficient to prove a meritorious defense exists.

The final element requires an analysis of the prejudice to the Plaintiffs if the default is lifted. Delay alone is not sufficient for establishing prejudice – "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Here, given that settlement negotiations are ongoing, the delay has been little over a month, and there is no indication that any evidence has been lost or discovery will be frustrated, there is no prejudice to the Plaintiffs. Furthermore, Plaintiffs have agreed to not oppose this motion, further suggesting that no prejudice has occured.

## **CONCLUSION**

For the reasons stated above, Bell Microproducts respectfully requests that this Court lift the entry of the default judgment and allow it to interpose the annexed Answer to the Complaint.

                                          Respectfully submitted,

Dated: New York, New York         JONES DAY
       September 24, 2008

                                        By:   /s/ Lynn M. Marvin
                                              Ognian V. Shentov (OS-4868)
                                              Lynn M. Marvin (LM-2281)
                                              222 East 41st Street
                                              New York, NY  10017
                                              (212) 326-3939
                                              Attorneys for Defendant
                                              Bell Microproducts, Inc.

## AFFIDAVIT OF SERVICE

      I, Lynn M. Marvin, declare under penalty of perjury that on September 24, 2008, I served the Notice of Motion of Defendant's Motion to Lift The Entry of Default Judgment and Interpose an Answer, Memorandum of Law in support thereof, and Affidavit of Andrew S. Hughes in support thereof, by causing a true and correct copy of the same to be sent by ECF to all parties registered for electronic service.

Dated: New York, New York
        September 24, 2008

                                                /s/ Lynn M. Marvin
                                                Lynn M. Marvin